UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DALE LEDLOW                                                                                              PLAINTIFF

V.                                                                          CIVIL ACTION NO. 1:16CV-97-DAS

SOCIAL SECURITY ADMINISTRATION                                                           DEFENDANT

ORDER GRANTING ATTORNEYS FEES IN PART

The court has before it the plaintiff's motion for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The plaintiff seeks attorney fees for 26.7 hours at $ 195.00 per hour  The plaintiff also seeks reimbursement for court costs for the filing fee of $ 400.00 and $ 19.77 for the cost of service of process.

The defendant suggests that the claimant's counsel should be compensated for travel time at only half of the hourly rate otherwise allowable. The defendant notes the failure of the plaintiff to set forth the basis for the claimed hourly rate. The defendant also cites authority requiring the fee award to be made payable to the client, not counsel. Finally the defendant asks the court to break out the court costs from the EAJA award as these costs are reimbursable from the Judgment Fund.

This court has previously refused to reduce the rate of hourly payment for travel time. *Stark v. Comm. of Social Security*, 2015 WL 379598  (N.D. Miss. June 17, 2015).  This court requires the attendance of counsel at oral argument. The time is mandatory and travel precludes or curtails performing other legal work during normal business hours. The court has, with the cooperation of its Social Security practitioners and the U.S. Attorneys Office, instituted a practice of  videoconference hearings. Counsel may attend either in person in Aberdeen, Mississippi or from Oxford, Mississippi, whichever is more convenient, reducing travel time for all parties. Furthermore, the court would remind the government that EAJA fees are already substantially below market rates for non-

contingent hourly attorney compensation. The court reaffirms its holding in *Stark* and declines to reduce the hourly rate for travel time.

The court agrees that the request for attorney fees is not completely supported as counsel has failed to articulate how he arrived at the hourly rate. EAJA provides for compensation at the rate of $ 125.00 per hour, unless "an increase in the cost of living … justifies a higher fee." 28 U.S. C § 2412(2)(a). It is the plaintiff's burden to demonstrate the increase in the cost of living in order to receive a higher fee. Pursuant to Fifth Circuit precedent, where the representation spans more than one year, the hourly rate must be adjusted on at least an annual basis. *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir. 2010). This court has held that the appropriate index for calculating the increase in the cost of living is the CPI-U Urban South "All Items" index,[1] and set forth the formula for calculating the maximum hourly rate. *Cowsett v. Colvin*, 2016 WL 3460408, n. 1 (N.D. Miss. June 21, 2006). Here counsel has not shown the maximum allowable rates for either of the two years spanned by the representation. Counsel's hourly rate will therefore be limited to $ 175.00 per hour.

In keeping with the ruling of *Astrue v. Ratliff*, 560 U.S. 586 (2010), the attorney fees payable under EAJA are payable to the plaintiff, but shall be sent in care of his counsel.

IT IS THEREFORE ORDERED that the plaintiff shall be awarded attorney fees in the amount of $ 4,672.50. The plaintiff is also awarded costs for the filing fees and service of process in the amount of $ 419.787 from the Judgment Fund.

SO ORDERED this the 15th day of August, 2017.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

[1] https://data.bls.gov/pdq/SurveyOutputServlet?series_id=CUUR0300SA0,CUUS0300SA0